ORIGINAL
D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
MARIO BEARD,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CV-0324 (FB)

*Appearances:*
*For the Petitioner:*
Mario Beard, *Pro Se*
Calle Progreso #16
Guerra Reforma Del Cabarete
Santa Domingo, Dominican Republic

*For the Respondent:*
Pamela Ki Mai Chen
United States Attorneys Office
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    *Pro se* petitioner Mario Beard ("Beard") was sentenced to a period of incarceration following his conviction on a narcotics conspiracy charge. While in custody, Beard filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition as untimely.

I.

    On November 12, 1998, Beard was sentenced to 108 months of incarceration for conspiring to distribute and possess with intent to distribute cocaine base. Beard appealed, but the Court of Appeals dismissed his appeal on October 29, 1999. Beard filed his Section 2255 petition on January 9, 2006. In a letter accompanying the petition, Beard claims that he previously filed his petition with the Court "on or about March 24, 2005,"

*see* Letter by Beard attached to the petition; however, there is no record of this filing. On January 30, 2006, the Court directed the government to respond to Beard's petition, *see* Docket Entry # 2 (Order to Show Cause); a copy of the Court's Order was sent to Beard at Ray Brook Federal Correctional Institution ("FCI"), the address listed on the petition.

On February 15, 2006, the government moved to dismiss Beard's petition as untimely; a copy of this motion was sent to Beard at Ray Brook FCI. *See* Docket entry # 3, at 5 (Certificate of Service). On March 10, 2006, the copy of the Court's Order that was mailed to Beard was returned to the Court as undeliverable. *See* Docket Entry # 5 (returned Order addressed to Ray Brook FCI, P.O. Box 9003, Ray Brook, NY 12977). Upon inquiry, the Court's staff was informed by a member of the probation department that Beard was deported to the Dominican Republic on March 1, 2006 and was provided with an address for him there: Calle Progreso #16, Guerra Reforma Del Cabarete, Santa Domingo, Dominican Republic.

## II.

Beard's deportation could potentially render his petition moot; thus, the Court briefly addresses this issue before turning to the timeliness issue.

### A. Mootness

A case is moot if it no longer presents a "case or controversy" within the meaning of Article III, Section 2 of the Constitution. *See* U.S. Const. art. III, § 2. In order for a petitioner who is no longer in custody to demonstrate a case or controversy, a "collateral consequence" resulting from the detention must exist. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In *Sibron v. New York*, the Supreme Court, citing various collateral

consequences – including deportation – asserted a presumption that collateral consequences attach to criminal convictions post-release, which can be overcome only by a showing "that there is no possibility that any collateral consequences will be imposed." 392 U.S. 40, 54-57 (1968). The Second Circuit has applied the *Sibron* presumption to a case involving a habeas petition challenging a criminal conviction when the petitioner was deported after the notice of appeal was filed but before the appeal could be heard. *See Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002).

The government has not argued that Beard's deportation moots his petition. Accordingly, until shown otherwise, the Court proceeds under the *Sibron/Perez* presumption that Beard's petition is not moot. Notably, Beard's challenged narcotics conviction permanently bars him from re-entry to the United States, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II); this effect *could* constitute a collateral consequence sufficient to preclude mootness. *But see Perez*, 296 F.3d at 126 (petition was moot because even if challenged conviction was set aside, petitioner was barred from re-entry based on a prior conviction).

## B. Timeliness

There is a one-year time limit for filing a § 2255 petition. *See* 28 U.S.C. § 2255. That period begins to run on the latest of four possible dates:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*, ¶ 6. A conviction becomes "final" for the purposes of § 2255 when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the ninety-day period time for filing a certiorari petition expires. *See Clay v. United States*, 537 U.S. 522 (2003).

However, the one-year limitations period is subject to equitable tolling. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001). To warrant equitable tolling, a petitioner must show that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll." *Id.* (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000). The Second Circuit has "established [ ] a limited number of circumstances that may merit equitable tolling, such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary, and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers." *Doe v. Menefee*, 391 F.3d 147, 159-160 (2d Cir. 2004) (internal citations omitted). District Courts have held that equitable tolling may also extent to where a petitioner's medical condition prevented him from proceeding in a timely fashion. *See United States v. Williams*, 2006 WL 2034642, at *3 (S.D.N.Y. 2006); *see also Dorsey v. Haponik*, 2006 WL 3545437, at *1 (E.D.N.Y. 2006).

According to the government, "nothing in the record and the nature of

Beard's claims indicates that any other provision than subsection (1)" applies here. *See* Gov's Mot. at 4. Applying this section, Beard's one-year time limit for filing his petition began to run on January 27, 2000, ninety days after the date that his judgment of conviction became final (October 29, 1999). Beard therefore had until January 27, 2001 to file his petition. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period."). Thus, even if Beard can establish that he previously filed his petition on March 24, 2005, under 28 U.S.C. § 2255, ¶ 6 subsection (1), the petition would still be late by over four years.

Nevertheless, Beard is entitled to notice and an opportunity to be heard on the timeliness/equitable tolling issue. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). Therefore, Beard shall, by written affirmation and within twenty (20) days of the date of this Memorandum and Order, show cause why his petition should not be dismissed as time-barred. If Beard fails to comply within the time allowed, fails to show good cause, or cannot be contacted at his forwarding address, his petition will be dismissed. *See Ramirez v. INS*, 86 F. Supp. 2d 301, 304 (S.D.N.Y. 2000) (petition dismissed on mootness grounds, but stating that if the "petition was denied on grounds other than mootness, "[i]t makes little sense [ ] to adjudicate the petition in petitioner's absence where there is no way to contact the petitioner.").

## III.

The Clerk is directed to mail this Memorandum and Order, along with the government's motion to dismiss the petition, see Docket # 3, by record delivery via Air Mail Letter Post, with return receipt requested, to Beard at Calle Progreso #16, Guerra Reforma Del Cabarete, Santo Domingo, Dominican Republic.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
February 27, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
MARIO BEARD,

              Petitioner,

  -- against --

UNITED STATES OF AMERICA,

              Respondent.
- - - - - - - - - - - - - - - - -x

NOTICE OF MOTION

06 CV 0324(FB)

     PLEASE TAKE NOTICE that, upon the annexed declaration of Pamela K. Chen, Assistant U.S. Attorney, the United States moves this Court to dismiss a petition for relief under 28 U.S.C. § 2255, brought by Petitioner Mario Beard, or, in the alternative, for additional time in which to respond to the claims brought in the petition.

Dated: Brooklyn, New York
       February 16, 2006

                       ROSLYNN R. MAUSKOPF
                       United States Attorney
                       Eastern District of New York
                       156 Pierrepont Street
                       Brooklyn, NY 11201
                       (718) 254-7575

To: Mario Beard

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
MARIO BEARD,

              Petitioner,

    -- against --

UNITED STATES OF AMERICA,

              Respondent.
- - - - - - - - - - - - - - - - -x

DECLARATION

06 CV 0324 (FB)

      PAMELA K. CHEN hereby declares the following under 28 U.S.C. § 1746:

      1.    I am an Assistant U. S. Attorney in the United States Attorney's Office for the Eastern District of New York. I make this declaration in support of the within motion by the United States to dismiss the petition for relief under 28 U.S.C. § 2255 brought by Petitioner Mario Beard on the ground that it is untimely under the statute of limitations set forth in Section 2255 or, alternatively, to grant additional time in which to file a response to the claims Beard raises.

      2.    On May 27, 1998, Beard pled guilty to conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Beard was sentenced to a prison term of 108 months.

      3.    Beard appealed his sentence. By summary order dated October 29, 1999, the Court of Appeals dismissed his appeal based primarily on Beard's waiver of his right to appeal under the plea agreement.

4. On January 9, 2006, Beard filed a petition for relief under 28 U.S.C. § 2255, making no reference to the fact that his appeal had been dismissed more than six years earlier and providing no explanation for why his petition should be considered timely. In a letter accompanying his petition, Beard claimed that he had attempted to file his 2255 motion on or about March 24, 2005; however, there is no record of that filing. In any event, such a filing would still have been over four years after Beard's conviction had become final.

5. None of Beard's claims in his current petition excuse his failure to timely file the petition. In sum and substance, Beard now claims that (a) his guilty plea was not knowing and voluntary due to the ineffectiveness of his attorney, (b) he was not given the opportunity to challenge inaccuracies in his Presentence Report due to the ineffectiveness of his attorney and (c) his speedy trial rights were violated.

6. For the reasons set forth in the accompanying memorandum of law, Beard's petition is untimely. We therefore request that it be dismissed.

7. Because Beard's motion is patently out of time, we request that we be permitted to rely on the motion to dismiss unless the Court denies that motion and to be afforded a period of one month from the notice that the motion has been denied in which to respond to the claims brought in the petition.

3

WHEREFORE, it is respectfully submitted that the motion to dismiss be granted or, alternatively, that the government be afforded an enlargement of time of one month from notice of the denial of the motion to dismiss to file a response to the claims brought in the petition.

I declare under penalty of perjury that the foregoing is true and correct.

                                              PAMELA K. CHEN

Executed on February 16, 2006
Brooklyn, New York.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 06-0324(FB)
------------------------
MARIO BEARD,

        Petitioner,

- against -


UNITED STATES OF AMERICA,

        Respondent.
------------------------

CERTIFICATE OF SERVICE

It is hereby certified that the undersigned served the within notice of motion and declaration by United States mail on February 16, 2006, to:

    Mario Beard
  Reg. No. 49566-053
    Raybrook FCI
    P.O. Box 9003
  Raybrook, NY 12977

                        _____
                        Michelle Francis
                        Legal Secretary

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x
MARIO BEARD,

                    Petitioner,
                                                CV 06-0324(FB)
        - against -

UNITED STATES OF AMERICA,

                    Respondent.
- - - - - - - - - - - - - - - -x
```

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
 DISMISS PETITION UNDER 28 U.S.C. § 2255


ROSLYNN R. MAUSKOPF,
United States Attorney,
Eastern District of New York.


PAMELA K. CHEN,
Assistant U.S. Attorney,
 (Of Counsel).

1

Case 1:06-cv-00324-FB   Document 3-2   Filed 02/15/2006   Page 2 of 9

TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT: | |
|     BEARD'S PETITION SHOULD BE DISMISSED AS UNTIMELY | 3 |
| CONCLUSION | 5 |

1

PRELIMINARY STATEMENT

The government submits this memorandum in support of its motion to dismiss a petition dated January 26, 2006, brought pursuant to 28 U.S.C. § 2255 by Petitioner Mario Beard, because the petition is untimely. Beard was convicted by guilty plea of conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Beard appealed his sentence, which was affirmed in a summary order, United States v. Beard, No. 98-1683 (2d Cir. October 29, 1999). For the reasons set forth below, Beard's petition should be dismissed as falling well beyond the limitations period set forth in 28 U.S.C. § 2255.

## STATEMENT OF FACTS

On April 2, 1998, Beard and two co-defendants, Anthony Handberry and Jameik Robinson, were indicted in a two-count indictment charging them with conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and distribution of, and possession with the intent to distribute, cocaine base, in violation of 21 U.S.C. § 841(a)(1). On May 27, 1998, Beard pled guilty to the conspiracy count of the indictment before the Honorable Reena Raggi. On November 12, 1998, Judge Raggi sentenced Beard to 108 months' imprisonment.

Beard appealed his sentence. By summary order dated October 29, 1999, the Court of Appeals dismissed Beard's appeal based primarily on Beard's having waived his right to appeal under his plea agreement.

Beard's Section 2255 petition, which is dated January 5, 2006, was received and docketed by the Clerk's Office on January 9, 2006. Although Beard claims, in a letter accompanying the petition, that he previously filed the petition on March 24, 2005, there is no record of this filing.

In his petition, Beard claims that (1) his guilty plea was not knowing and voluntary due to the ineffectiveness of his attorney, (2) he was not given an opportunity to challenge

3

inaccuracies in his Presentence Report due to the ineffectiveness of his attorney, and (3) his speedy trial rights were violated.

ARGUMENT

BEARD'S PETITION SHOULD BE DISMISSED AS UNTIMELY

Under 28 U.S.C. § 2255, a petition must be brought within one year of the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Beard offers no justification for consideration of his petition as timely, and nothing in the record and the nature of Beard's 2255 claims indicates that any other provision than subsection (1), based on the date of finality of conviction, applies.

"[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 120 S. Ct. 1072, 1075 (2003). The time for

5

filing a petition for certiorari is 90 days from entry of judgment. Sup.Ct.R. 13(1). Here, entry of judgment was on October 29, 1999. Beard filed no petition for certiorari. His conviction therefore became "final" 90 days after October 29, 1999, which was January 27, 2000. A timely petition therefore had to have been filed by January 27, 2001. Beard's petition, filed on January 9, 2006, was filed almost five years after this date. It is therefore untimely and should be dismissed.

## CONCLUSION

For the reasons set forth above, the government's motion to dismiss Mario Beard's petition under Section 2255 should be granted.

Dated: Brooklyn, New York
       February 16, 2006

                                       Respectfully submitted,

                                       ROSLYNN R. MAUSKOPF
                                       United States Attorney
                                       Eastern District of New York
                                       One Pierrepont Plaza
                                       Brooklyn, N.Y. 11201

PAMELA K. CHEN
Assistant U.S. Attorney
  (Of Counsel).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 06-0324(FB)
--------------------------------
MARIO BEARD,

               Petitioner,

- against -

UNITED STATES OF AMERICA,

               Respondent.
--------------------------------

CERTIFICATE OF SERVICE

    It is hereby certified that the undersigned served the within memorandum of law by United States mail on February 16, 2006, to:

        Mario Beard
      Reg. No. 49566-053
        Raybrook FCI
        P.O. Box 9003
     Raybrook, NY 12977

                            _____
                            Michelle Francis
                            Legal Secretary